UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00719-RGJ

**WALTER ELKINS**                                                                                        **PLAINTIFF**

**VS.**

**ABM INDUSTRIES, INC.**                                                    **DEFENDANT**

## **REPORT AND RECOMMENDATION**

Plaintiff Walker Elkins initiated this personal-injury and wrongful-termination action in November 2024. (DN 1). In September 2025, the Court was notified that Plaintiff's counsel in the case had died. (*See* DN 14). The Court, accordingly, issued an Order requiring Plaintiff to file a status report with the Court by November 25, 2025, showing cause for his failure to participate in this action since his counsel died and notifying the Court whether he intends to seek new counsel or proceed *pro se* in the matter. (DN 16). The Court warned that Plaintiff's failure to comply "may result in dismissal of the case for failure to prosecute." (*Id.*).

Plaintiff filed a response on November 19, 2025, stating he is "getting new counsel" and is "going to proceed with this case." (DN 17). The next day, the Court issued an Order giving Plaintiff until December 20, 2025 to retain new counsel and for counsel to enter an appearance. (DN 18). The Court indicated that if Plaintiff had not retained new counsel by that date, Plaintiff should file a status report with the Court, explaining his efforts to retain counsel and whether he intends to proceed *pro se* in the matter. (*Id.*).

That deadline passed with no new counsel entering an appearance for Plaintiff and with no status report being filed. The Court then entered another Order, requiring Plaintiff to show cause in writing by January 23, 2026 for his failure to comply with the Court's November 20, 2025

Order. (DN 19). The Court warned that if Plaintiff did not file a response by the deadline or sufficiently show cause for his failure to retain counsel and comply with the Court's order, the undersigned "may recommend the matter be dismissed based on Plaintiff's failure to prosecute his case." (*Id.*).

Plaintiff did not file anything in the record by the January 23, 2026 deadline and has still filed nothing in the record over a week later.

Courts have inherent authority to dismiss a plaintiff's action because of their failure to prosecute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962)). This authority is expressly recognized in Federal Rule of Civil Procedure 41(b). Dismissal for failure to prosecute "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted); *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Whether the party received "prior notice" is a "key consideration" in determining if dismissal under Rule 41(b) is appropriate. *Stough*, 138 F.3d at 615.

While the Court understands the dilemma Plaintiff faced when his counsel passed away, Plaintiff has failed to participate in this case since November 19, 2025. Since then, the Court has issued two Orders requesting action from Plaintiff and warning that his failure to act could result in dismissal of the case. Despite these warnings, Plaintiff's inaction has continued, with nothing being filed in the record and no communication with the Court. Because Plaintiff has been given several opportunities to move forward the case and twice received notice that his failure to

participate could result in dismissal, the Court finds dismissal for failure to prosecute is appropriate under Rule 41(b).

**IT IS THEREFORE RECOMMENDED** that the Court **DISMISS without prejudice** Plaintiff's claims against Defendant ABM Industries, Inc. for failure to prosecute.

Regina S. Edwards, Magistrate Judge
United States District Court

February 2, 2026

Copies:   Counsel of Record
Walter Elkins, 5611 Arvis Dr., Louisville, KY 40216

NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn,* 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).